**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Illya BOND, aka Frank Akbery, Defendant—Appellant.**

No. 06–50628.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed Jan. 20, 2009.

Patrick Jasperse, Trial, U.S. Department of Justice Office of Consumer Litigation, Barbara T. Wells, Esquire, Office of Consumer Litigation U.S. Department of Justice, Washington, DC, Julie Werner–Simon, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Roger Sandberg Hanson, Esquire, Roger S. Hanson, Esq., Santa Ana, CA, for Defendant–Appellant.

Illya Bond, Lompoc, CA, pro se.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM *

I

Bond argues that his 16–level sentencing enhancement under U.S.S.G.

* This disposition is not appropriate for publication and is not precedent except as provided

§ 2B1.1 for amount of loss between $1.0 and $2.5 million violates *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court, rather than the jury, made the factual finding regarding the amount of loss.[1] However, contrary to his assertion, "district courts are free to make factual determinations not made by the jury and may base their ultimate decisions regarding the length of a convicted criminal's sentence on those determinations." *United States v. Staten,* 466 F.3d 708, 719 (9th Cir.2006). The record provides sufficient evidence to support the trial judge's findings.

## II

 Bond also argues that the district court erred in requiring him to pay restitution due to his financial condition. Under the Mandatory Victims Restitution Act ("MVRA"), imposition of restitution is mandatory, "without regard to a defendant's economic situation." *United States v. Dubose,* 146 F.3d 1141, 1143 (9th Cir. 1998); *see also* 18 U.S.C. § 3664(f)(1)(A). The case relied on by Bond stating the contrary, *United States v. Ramilo,* 986 F.2d 333 (9th Cir.1993), was decided prior to the MVRA's passage.

AFFIRMED.

by 9th Cir. R. 36–3.

1. In a concurrently filed opinion, we consider whether the government withheld information from the defendant which it was required to disclose under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *United States v. Bond,* 06–50628 (9th Cir. —— ——, 2008). The facts of the case are stated there; we need not repeat them here.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.